**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DEANNA BETRAS, on behalf of herself and all others similarly situated,<br><br>PLAINTIFF,<br><br>v.<br><br>CM THOMPSON ENTERPRISE, LLC d/b/a/ THE HIDEOUT,<br><br>DEFENDANT. | Case No. 2:21-cv-872<br><br>**CLASS ACTION COMPLAINT** |

**CLASS ACTION COMPLAINT**

Plaintiff, Deanna Betras ("Plaintiff"), brings this Class Action Complaint, on behalf of herself and all other similarly situated employees (the "Class"), against Defendant**,** CM Thompson Enterprise, LLC d/b/a/ The Hideout ("Defendant"), seeking to recover for Defendant's violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, the Pennsylvania Wage Payment and Collection Law, 43 Pa. C.S. § 206.1, and common law, and alleges as follows:

**INTRODUCTION**

1. As explained herein, under applicable federal and state employment laws, all employees are entitled to fair compensation, overtime compensation, and the retention of tips/gratuities received from customers, unless statutorily exempt. Because they are plainly "employees" under the applicable laws, Plaintiff and the class members should have been paid fair wages, given overtime compensation, and allowed to retain all tips/gratuities provided by customers. To avoid complying with these laws designed to protect employees from employer

abuse, Defendant improperly classified Plaintiff and other exotic entertainers ("Dancers") as "independent contractors." As a result of this improper classification, Defendant: (1) avoided paying Plaintiff and class members at least the applicable minimum wage; (2) regularly required Plaintiff and class members to work in excess of forty hours per week, then failed to pay them premium overtime compensation; and (3) improperly collected a portion of the tips Plaintiff and other Dancers received from customers. As set forth herein, such conduct is in violation of the applicable state and federal wage and hour laws.

2. Dancers, including Plaintiff and her current and former co-workers, work in an "unorganized" industry where many workers are "disenfranchised" by the wide disparities in bargaining power between workers and club owners. *See* Holly Wilmet, Naked Feminism: The Unionization of the Adult Entertainment Industry, 7 Am. U.J. Gender Soc. Pol'y & L 465, 466 (1999).

3. Accordingly, adult entertainment clubs, such as those owned and operated by Defendant, are well-positioned to take advantage of Dancers and routinely deny them basic workplace rights.

4. Over the past two decades, the Department of Labor ("DOL") and courts across the country have recognized that Dancers are employees, not independent contractors, and, accordingly, are entitled to protection under various state and federal wage and hour laws.

5. Despite these significant strides, adult night clubs in Pennsylvania and across the country routinely deny Dancers the basic protections they are accorded under state and federal law. Defendant is no exception. As set forth herein, Defendant regularly deprives Dancers of their rights under federal law, as well as the laws of Pennsylvania. Plaintiff brings this lawsuit to address these improper pay practices.

**SUMMARY OF CLAIMS**

6. Plaintiff brings this action as a collective action to recover unpaid wages, pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 et seq. ("FLSA" or the "Act").

7. In particular, Plaintiff brings this suit on behalf of the following similarly situated persons:

> All current and former Dancers who have worked for Defendant at The Hideout within the statutory period covered by the Complaint, and elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b) ("FLSA Collective Class").

8. In addition, Plaintiff also brings this action as a state law class action to recover unpaid wages, including inappropriately withheld tips, pursuant to the Pennsylvania Wage Payment and Collection Law, 43 Pa. C.S. § 206.1 ("PWPCL") and common law (the "PA State Laws").

9. Specifically, Plaintiff brings this suit on behalf of a class of similarly situated persons composed of:

> All current and former Dancers who have worked for Defendant at The Hideout during the statutory period covered by the Complaint. ("State Law Class").

10. Plaintiff alleges on behalf of the FLSA Collective Class that they are: (i) entitled to unpaid minimum wages from Defendant for hours worked for which Defendant failed to pay the mandatory minimum wage, as required by law; (ii) entitled to unpaid overtime wages for all hours worked in excess of forty in a work week; and (iii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*

11. Plaintiff alleges on behalf of the State Law Class that Defendant violated the PA State Laws by, *inter alia*: (i) failing to pay them the appropriate minimum wages for all hours

worked; (ii) improperly denying them overtime wages for all hours worked in excess of forty hours in a work week; and (iii) inappropriately withholding and/or deducting unlawful amounts from the gratuities of the State Law Class.

**PARTIES**

12. Plaintiff Deanna Betras is a resident and citizen of Pennsylvania who was employed by Defendant as a "Dancer" from approximately Fall of 2019 to April 2021. While employed by Defendant, Plaintiff was improperly classified as an independent contractor and, consequently, Defendant failed to compensate Plaintiff properly for all hours worked.

13. Plaintiff consents in writing to be Plaintiff in this action and will file an executed Consent To Sue form.

14. Defendant, CM Thompson Enterprise, LLC, is a Pennsylvania limited liability corporation that owns and operates The Hideout, an adult entertainment club located at 1828 PA-982, Mt Pleasant, Pennsylvania 15666. Defendant is a citizen of Pennsylvania and employs Plaintiff as a Dancer.

15. At all relevant times Defendant has transacted business, including the employment of Dancers, within the Commonwealth of Pennsylvania and within this District.

**JURISDICTION AND VENUE**

16. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §§ 201 *et seq.*

17. This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative facts.

18. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) as a substantial part of the acts or omissions giving rise to the claims alleged herein occurred within this judicial district, and Defendant is subject to personal jurisdiction in this district.

19. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## FACTUAL ALLEGATIONS

20. The crux of the FLSA and Pennsylvania state law is, *inter alia*: (i) that all employees are entitled to be paid mandated minimum wages for all hours worked; (ii) that all employees are entitled to premium overtime compensation for all hours worked in excess of 40 hours a week; and (iii) that all gratuities earned by an employee are the property of the employee.

21. Contrary to these basic protections, Defendant improperly classified its Dancers, including Plaintiff, as "independent contractors" despite Defendant's near total control over them. Consequently, Plaintiff and the members of the Classes (defined herein) were: (i) deprived of the mandated minimum wage for all hours they worked; (ii) deprived of premium overtime compensation for all hours worked in excess of 40 per workweek; (iii) forced to improperly share a percentage of their gratuities with Defendant; and (iv) forced to reimburse Defendant for its ordinary business expenses.

22. Plaintiff and the members of the FLSA Class and State Law Class were Dancers employed by Defendant at The Hideout.

23. The Hideout is operated by Defendant under uniform policies applicable to all members of the Classes. Through these policies and procedures, Defendant maintains significant supervision and control over Plaintiff and members of Classes.

24. Notwithstanding Defendant's classification of Dancers as independent contractors, as set forth below, due to the amount of control Defendant has over its Dancers, Dancers are legally Defendant's employees.

**Hiring, Firing, and Scheduling**

25. Defendant has the power to hire and fire Dancers and has rules governing the conditions under which Dancers work.

26. Although Defendant asks for availability and preferred dates, Defendant ultimately sets and controls the Dancers' schedule.

27. On days scheduled, Dancers are required to arrive at Defendant's location by 5 p.m. and must stay until at least 2 a.m.

28. Dancers are required to work two Sunday through Thursday shifts per week in order to work Friday or Saturday nights (the busiest and most profitable time for Dancers).

29. One of Defendant's rules require that if a Dancer is sick and has to miss a shift, they must provide written proof of the illness.

**House Fees & Fines**

30. Rather than pay its Dancers the applicable minimum wage (either the applicable state minimum wage or the federal minimum wage, whichever is higher), Defendant classified its Dancers as independent contractors and requires its Dancers to pay Defendant in order to work at Defendant's establishment. Consequently, Defendant does not compensate Dancers in an amount at least equal to the mandated minimum wage for each hour worked during their shift.

31. Defendant requires its Dancers, including Plaintiff and members of the Classes, to pay "House Fees" for each shift that Dancers work. These fees are posted in the establishment, along with other fines described herein. Typically, the House Fees equal $20.

32. If a Dancer is late for their scheduled shift, Defendant assesses late fees. Incredibly, even if a Dancer notifies management in advance that they will be late, fees will be enforced.

33. If a Dancer misses more than three (3) scheduled performances on stage per shift, she must pay a fine to Defendant.

34. If a Dancer has any outstanding fees or fines, she will not be permitted to work until she pays them in full.

35. When on stage or providing private dances, Dancers are required to pay money to play songs from Defendant's jukebox. Defendant does not reimburse Dancers for this expense, but rather, profits from it.

**Tip Retention & Mandatory Tip Outs**

36. It is black letter law that tips received by an employee are the employee's tips and an employer has no ownership interest in said tips. Indeed, according to the DOL's Regulations, "[t]ips are the property of the employee whether or not the employer has taken a tip credit under section 3(m) of the FLSA." 29 C.F.R. § 531.52.

37. Despite this plain fact, Defendant unlawfully retained a portion of tips Dancers received from Defendant's customers.

38. Moreover, Defendant also mandates the fees a Dancer may charge customers for her services. By way of example, Defendant maintains a policy establishing the amount a Dancer is required to charge for private performances.

39. For example, Defendant mandates a Dancer charge $160.00 for a 30 minute "VIP" experience, of which Defendant takes $64.00; for a private dance, a Dancer must charge $20.00, of which Defendant takes $10.00.

40. Additionally, Defendant offers its patrons certain dance specials that require Dancers to provide one free private dance for every two private dances purchased by the same patron.

41. As a result, customers who believe that they are tipping Dancers a certain amount are actually tipping them less, due to the aforementioned deductions taken by Defendant.

42. As set forth below, these deductions are in contravention of applicable law.

43. Upon information and belief, Defendant uses these fees, fines, and tips paid by Dancers to offset its ordinary business expenses. Stated another way, Defendant requires Dancers to pay these fees, fines, tips, and jukebox costs so that Defendant can then reduce its costs.

44. As a result of the mandatory fees and required tip-outs, Dancers sometimes receive little to no actual compensation despite hours of work.

**Additional Control**

45. In order to work at The Hideout, Defendant requires that the Dancers do unpaid "chores" during their shift. A picture of the "chore list" is attached hereto as **Exhibit A**.

46. Defendant requires that during each shift, every Dancer is required to choose and complete one "chore," during which time they are unpaid.

47. Defendant requires Dancers to purchase and wear heels while on stage or performing.

48. Further, Dancers are not permitted to change clothes or get dressed at the end of a shift until they receive permission from Defendant.

49. In short, Defendant maintains significant supervision and control over Plaintiff and members of Classes and sets the rules governing the conditions under which Dancers work.

50. Defendant has been unjustly enriched to the detriment of the Classes by: (i) requiring Dancers to pay money out of their tips to pay for the ordinary business expenses of Defendant; (ii) requiring Dancers to forfeit a portion of their tips to Defendant; (iii) paying Dancers less than the mandated minimum wage while failing to comply with the requirements for doing so; and (v) failing to pay Dancers premium overtime compensation for all hours worked in excess of forty in a work week.

51. At all times relevant to this Complaint, Plaintiff believed she was an employee of Defendant.

52. Evidence generally reflecting the number of uncompensated hours worked by Dancers are in the possession of Defendant.

53. While Plaintiff is unable to state at this time the exact amount owed to the Classes, Plaintiff believes that such information will become available during the course of discovery. Irrespective of the foregoing, when an employer fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer. *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

**CLASS & COLLECTIVE ACTION ALLEGATIONS**

54. Plaintiff brings this action on behalf of the FLSA Class as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 207 and 216(b). Plaintiff also brings this action as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and the State Law Class for claims under the PA State Laws.

55. The claims under the FLSA may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b). The claims brought pursuant to the PA State Laws may be

pursued by all similarly-situated persons who do not opt out of the State Law Class pursuant to Fed. R. Civ. P. 23.

56. Upon information and belief, the members of each of the Classes are so numerous that joinder of all members is impracticable. While the exact number of the members of these Classes is unknown to Plaintiff at this time, and can only be ascertained through appropriate discovery, Plaintiff believes there are over a hundred individuals in each of the Classes.

57. Defendant has acted or has refused to act on grounds generally applicable to the Classes, thereby making final injunctive relief or corresponding declaratory relief with respect to the Classes as a whole, appropriate.

58. The claims of Plaintiff are typical of the claims of the Classes she seeks to represent. Plaintiff and the members of the Classes work or have worked for Defendant and were subject to the same compensation policies and practices, including not being compensated for all hours worked.

59. Common questions of law and fact exist as to the Classes that predominate over any questions only affecting them individually and include, but are not limited to, the following:

a. whether Plaintiff and Dancers were improperly classified as independent contractors by Defendant;

b. whether Defendant has failed to pay minimum wages for each hour worked;

c. whether Plaintiff and Dancers were required to pay Defendant, in cash, fees for each shift worked;

d. whether Defendant improperly retained any portion Plaintiff and Dancers' tips;

e. whether Defendant has failed to pay overtime compensation for all hours worked in excess of 40 per workweek;

f. whether Plaintiff and members of the Classes are entitled to compensatory damages, and if so, the means of measuring such damages;

g. whether Plaintiff and members of the Classes are entitled to restitution; and

h. whether Defendant is liable for attorney's fees and costs.

60. Plaintiff will fairly and adequately protect the interests of the Classes as her interests are in alignment with those of the members of the Classes. She has no interests adverse to the class she seeks to represent, and has retained competent and experienced counsel.

61. The class action/collective action mechanism is superior to other available methods for a fair and efficient adjudication of the controversy. The damages suffered by individual members of the Classes may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the Classes to individually seek redress for the wrongs done to them.

62. Plaintiff and the Classes she seeks to represent have suffered and will continue to suffer irreparable damage from the illegal policy, practice and custom regarding Defendant's pay practices.

63. Defendant has acted willfully and has engaged in a continuing violation of the FLSA and PA State Laws.

**FIRST CLAIM FOR RELIEF**
**FAIR LABOR STANDARDS ACT MINIMUM WAGE VIOLATIONS**
**(On Behalf of the FLSA Class)**

64. Plaintiff, on behalf of herself and the FLSA Class, re-allege and incorporate by reference the paragraphs above as if they were set forth again herein.

65. At all relevant times, Defendant has had gross revenues in excess of $500,000.

66. At all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

67. At all relevant times, Defendant has employed, and/or continues to employ, Plaintiff and each of the FLSA Class Members within the meaning of the FLSA.

68. Pursuant to Defendant's compensation policies, rather than pay Dancers the federally-mandated minimum wage, Defendant improperly classified Plaintiff and other Dancers as independent contractors.

69. As a result of the Defendant's willful practices, Defendant was not entitled to pay Plaintiff and the members of the FLSA Class less than the mandated minimum wage for all hours worked.

70. Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. §§ 201 *et seq*. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

71. Due to Defendant's FLSA violations, Plaintiff, on behalf of herself and the members of the FLSA Class, are entitled to recover from the Defendant, compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**SECOND CLAIM FOR RELIEF**
**FAIR LABOR STANDARDS ACT OVERTIME WAGE VIOLATIONS**
**(On Behalf of the FLSA Class)**

72. Plaintiff, on behalf of herself and the FLSA Class, re-allege and incorporate by reference paragraphs 1 through 63 above as if they were set forth again herein.

73. At all relevant times, Defendant has had gross revenues in excess of $500,000.

74. At all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

75. At all relevant times, Defendant has employed, and/or continues to employ, Plaintiff and each of the FLSA Class Members within the meaning of the FLSA.

76. At relevant times in the period encompassed by this Complaint, Defendant had, and maintains, a willful policy and practice of refusing to pay premium overtime compensation for all hours worked in excess of 40 hours per workweek due to Defendant's improper classification of Plaintiff and Dancers as independent contractors.

77. Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. §§ 201 et seq. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

78. Due to Defendant's FLSA violations, Plaintiff, on behalf of herself and the members of the FLSA Class, are entitled to recover from the Defendant, compensation for unpaid wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**THIRD CLAIM FOR RELIEF**
**PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW**
**(On Behalf of the State Law Class)**

79. Plaintiff, on behalf of herself and the members of the State Law Class, re-allege and incorporate by reference paragraphs 1 through 63 above as if they were set forth again herein.

80. At all relevant times, Defendant has employed, and/or continues to employ, Plaintiff and each of the State Law Class Members within the meaning of the PWPCL. Plaintiff and the State Law Class Members are "employees" and are not free from the control and direction of Defendant.

81. Plaintiff and the State Law Class Members worked for Defendant with the clear understanding and agreement by Defendant that their compensation would be consistent with all applicable laws, including federal and state wage and hour laws.

82. Pursuant to the PWPCL, wages shall be paid in lawful money, except for "deductions provided by law, or as authorized by regulation of the Department of Labor and Industry…." Accordingly, Plaintiff and the members of the State Law Class were entitled to receive all compensation due and owing to them.

83. As a result of Defendant's unlawful policies and practices, as set forth above, Plaintiff and the members of the State Law Class have been deprived of compensation due and owing, which Defendant promised to pay in its commitment to abide by applicable wage and hour law, and in violation of the PWPCL's mandate that no wages be deducted unless required or permitted under applicable law.

84. Due to Defendant's policy of deducting amounts from the tips of Plaintiff and the State Law Class to offset business expenses, Plaintiff and the State Law Class were subject to

improper deductions from their compensation. Specifically, Defendant unlawfully withheld and diverted monies from the compensation earned by Plaintiff and the State Law Class for business expenses of Defendant, including, but not limited to, the cost of employing other workers, in direct violation of the PWPCL. Plaintiff and the State Law Class Members have not expressly and freely given written consent to such deductions, and these deductions were not made in response to a valid wage assignment or deduction order. Such deductions were not for the Plaintiff's and State Law Class Members' benefit.

85. Defendant has set, reduced, withheld and/or deduced the wages of Plaintiff and the State Law Class Members without providing advance notice of such amounts, and absent any lawfully sufficient reason for such conduct.

86. As a direct and proximate result of Defendant's conduct, Plaintiff and the State Law Class have suffered substantial losses and have been deprived of compensation to which they are entitled, including monetary damages in the amount of three times the unpaid wages, as well as costs and reasonable attorney's fees.

**FOURTH CLAIM FOR RELIEF**
**PENNSYLVANIA COMMON LAW – UNJUST ENRICHMENT**
**(On Behalf of the State Law Class)**

87. This Fourth Count is brought in the alternative to the Third Count (violation of the PWPCL), to the extent that Defendant disavows its agreement to pay Plaintiff and the State Law Class in a manner consistent with federal and state wage and hour laws or to the extent that any alleged agreement between the parties is in violation of such laws, and therefore void. Plaintiff, on behalf of herself and the State Law Class Members, re-alleges and incorporates by reference paragraphs 1 through 63 above as if they were set forth again herein.

88. Plaintiff and the members of the State Law Class were employed by Defendant within the meaning of Pennsylvania common law.

89. At all relevant times, Defendant had, and maintains, a willful policy and practice of denying Dancers their full share of gratuities.

90. During the class period covered by this Complaint, Defendant had, and maintains, a willful policy and practice of having Dancers subsidize Defendant's business expenses by requiring Dancers to pay or "tip" certain individuals a required minimum amount.

91. Plaintiff and Dancers were subjected to unlawful deductions from their gratuities.

92. Defendant retained the benefits of its unlawful deductions from the gratuities from Plaintiff and Dancers under circumstances which rendered it inequitable and unjust for Defendant to retain such benefits.

93. Defendant was unjustly enriched by subjecting Plaintiff and Dancers to such unlawful deductions.

94. As a direct and proximate result of Defendant's unjust enrichment, Plaintiff and the members of the State Law Class have suffered injury and are entitled to reimbursement, restitution and disgorgement from Defendant of the benefits conferred by Plaintiff and the State Law Class.

95. Plaintiff, on behalf of herself and the members of the State Law Class, is entitled to reimbursement, restitution and disgorgement of monies received by Defendant.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, individually and/or on behalf of herself and all other similarly situated members of the FLSA Class and members of the State Law Class, prays that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the FLSA Class, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b), apprising class members of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b. Designation of the action as a class action under Fed. R. Civ. P. 23 on behalf of the State Law Class;

c. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the PWPCL;

d. An injunction against Defendant and its officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

e. An award of unpaid minimum wages to Plaintiff and the members of the Classes;

f. An award of unpaid overtime wages to Plaintiff and the members of the Classes;

g. Restitution of wages and gratuities improperly retained by Defendant;

h. An award of liquidated damages to Plaintiff and members of the Classes;

i. An award of costs and expenses of this action together with reasonable attorneys' and expert fees to Plaintiff and members of the Classes; and

j. Such other and further relief as this Court deems just and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact by this Complaint.

DATED July 8, 2021

Respectfully submitted,

*/s/ Edwin J. Kilpela, Jr.*

Edwin J. Kilpela, Jr.
Elizabeth Pollock Avery
**CARLSON LYNCH, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Phone: (412) 322.9243
ekilpela@carlsonlynch.com
eavery@carlsonlynch.com

*Counsel for Plaintiff*